UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED KEITA,<br><br>      Plaintiff,<br><br>-against-<br><br>AMERICAN SECURITY INSURANCE COMPANY; KEITH CROSS; PAUL JUSTER,<br><br>      Defendants. | 22-CV-10396 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Mohammed Keita, of Staten Island, New York, brings this *pro se* action invoking the Court's federal question and diversity of citizenship jurisdiction against: (1) American Security Insurance Company; (2) Keith Cross; and (3) Paul Juster. Plaintiff alleges in his complaint that Defendants improperly failed to pay for property damage to his Staten Island property, and he seeks the "full appraisal value" of the property. (ECF 2 ¶ IV.) Defendants are located in Atlanta, Georgia. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue

and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that Defendants reside in Georgia, and that the cause of action arose in Staten Island, Richmond County, New York, which lies within the Eastern District of New York.[1] Thus, under Section 1391(b)(1), (2), the United States District Court for the Eastern District of New York, and the United States District Court for the Northern District of Georgia, *see* 28 U.S.C. § 90, are proper venues for this action. There are no allegations in the complaint suggesting that this court is a proper venue for Plaintiff's claims.[2]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that his claims arose in Staten Island, which is in the Eastern District of New York.[3] *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

---

[1] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn), (3) Queens (New York City Borough of Queens), (3) Richmond (New York City Borough of Staten Island), (4) Nassau, and (5) Suffolk. 28 U.S.C. § 112(c).

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan), (2) Bronx (New York City Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

[3] Plaintiff has previously filed cases against the American Security Insurance Co. in the Eastern District of New York. *See Keita v. Amer. Sec. Ins. Co. et al.*, No. 22-CV-6375 (E.D.N.Y. filed Oct. 13, 2022) (pending); *Keita v. Amer. Sec. Ins. Co. et al.*, No. 17-CV-879 (E.D.N.Y. Dec. 10, 2021) (describing Plaintiff as a "serial litigator" and granting defendants' motion for judgment on the pleadings).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 9, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge